Case number 20-6217, Susan Card v. Principal Life Insurance Company, oral arguments not to exceed 15 minutes per side, Mr. Andrew Michael Grabhorn for the appellant. May it please the court. My name is Andrew Grabhorn. I represent Susan Card in this matter. If I could reserve three minutes for rebuttal time. This case presents three issues. The first, whether the district court erred in finding it was without jurisdiction to reopen Ms. Card's case. This court previously ruled that Principal's decision on Ms. Card's long-term disability, short-term disability and life insurance continued disability determination, LCDD, what we generally Ms. Card moved to reopen the case and the court entered a virtual order that simply said it's without jurisdiction to consider the issue. That's the first issue before this court that in effect will almost decide the entire case. If the court rules in our favor on that case, then it goes back to the district court to pretty much do everything else that we're asking. I was going to ask you that. The parties briefed a lot of the merits, including the attorney's fees issue and the merits of the subsequent plan decision. If we find jurisdiction, I think in this scenario, wouldn't we generally just remand rather than address the merits because we're a court of review, not a first view, as we've said in some cases? As Judge McKeague said earlier, I'm going to give you a clever answer. That is, on the attorney's fees aspect, I agree no matter what if you agree with us that the district court did have jurisdiction, that no matter what that needs to go back, even if this court maintained jurisdiction, I think it needs to go back at least to do the lodestar analysis. The first circuit in the gross case we cited said that's a very fact-intensive issue that the Court of Appeals really doesn't have time nor the resources to really deal with right now. District court, you do that, then we'll deal with it on our end if we need to. Then also, I believe there's another case that we cited in there. It's along the same lines from the Sixth Circuit that says that the calculus that's done, the multiplication there, that's for the district court to do. Yes, I agree if this court finds that it's with jurisdiction or without jurisdiction, no matter what that issue needs to go back down because the McKeague case from this court found that once a plaintiff in these ERISA cases is determined to at least get a remand, that is some degree of success on the merits, comes from the Hart case, Supreme Court case. As to the LTD and LCDD claims themselves, it's kind of a split one. Yes, we're fine if the court remands back down, but on the other hand, if the court were already here, the issues have been briefed multiple times already. Under Moon, the court's going to do a de novo review of everything anyways. I think it'd be well worth it. There would be nothing else that would go in the record on that in the district court? No. It would just be what the committee, the second decision or whatever. We'd still dispute that the second decision gets in and that goes down the lines of the In these cases, as soon as that time period lapses, that's when the administrative record needs to close. Nothing else can come in. From there on, that's all the court's allowed to look at. That's the law pretty much every circuit in the nation is that what was before the administrator when they made the decision. Here the administrative record closed arguably on January 26, 2020. And so from that day forward, nothing else could come in including the decision. But then even if the decision comes in, we've addressed why it still doesn't meet what this court has already ruled what the law of the case is, that they did not meet their burden here. Getting back to jurisdiction though, you said the first issue was the district court's jurisdiction. I wonder if the first issue is our own jurisdiction. Why does the virtual order, which in some respects is quite unusual, why does that qualify as a final decision on the merits for purposes of our appellate jurisdiction statute? I believe that also kind of goes into one of the arguments that the principal made here. This is one of the weirder procedural ones that I've ever seen because I'm with you. I'm not used to seeing these virtual orders, especially on a jurisdictional issue. But this court in Bowers held that as soon as a case is remanded to the plan administrator, then whatever happens with that decision, whether it be a deemed denial, which we argued happened here, whether the plan administrator actually makes the decision, then either party is free to ask the district court to reopen the case. There's no need to refile any brand new lawsuit. You can file a motion in that case again and ask, please reopen the case. There's other issues that we need to address, so on and so forth. That's kind of getting down to our position is that, yes, the district court had jurisdiction to consider that, but if it didn't, then the only other court that could have jurisdiction is this court. If this court were to find it didn't have jurisdiction, then it almost leaves Ms. Card with, what do I do? You filed a new case, I suppose? That's not how these cases work, according to Bowers. We would not be following the Sixth Circuit precedent, Bowers, if we filed a brand new lawsuit. The procedure, and it actually happened relatively in short order, in another case that we have that's actually before the Sixth Circuit right now, the case name is Bustetter v. Standard Insurance Company. The exact same thing there, except it didn't come up here. It was a district court decision, remanded back down. They were late in making the decision, filed a motion to reopen. Judge said, you're correct. We reopened and moved forward and went through briefing and everything else, and now it's back up here. Can I ask you just a generic question? So I'm not an ERISA specialist by any means, so when I discovered these remands to a private party, that struck me as, it's well established in the ERISA context, but it's quite unusual anywhere else. I can't think of any other scenario where one of the parties is a party to a lawsuit and we say we remand the suit to the party. That's quite strange. Is that just well accepted now in the ERISA bar? The Supreme Court has never adopted it, but the courts of appeals all seem to have adopted it. I may be getting my cases confused here, but I believe Judge Thapar wrote a dissent around talking about the same thing recently, about these judicially created remands or administrative procedures that we throw everything into, but no, you're spot on. In these cases, the administrator is supposed to do something within the claim regulations, following the applicable law, following the applicable evidence. That didn't happen here. That's why it's always our position that in that case, you need to put the plaintiff back where they would have been up through the date of that order, where they're found to be arbitrary and capricious, because otherwise now we are almost in 2022 and we're talking about a case from 20, well back, she's been disabled since December of 2013 and that's all these remands do is they delay everything, but to answer your question simply, yes, it's one of those things. How does it affect ERISA plaintiffs? Do ERISA plaintiffs, do they like these procedures from your perspective or do they think that is it just a waste of time? Wouldn't the plaintiff win if the defendant did, normally if the defendant did something wrong or breached a contract, the plaintiff would just prevail, right? Agreed. Well, I mean, if you commit, I can see the idea that if there's a procedural violation by the plan, then maybe the district court should just as get rid of arbitrary and capricious and as a de novo matter, determine whether the plaintiff is entitled to benefits rather than giving the plan a second chance at doing so. Agreed with you wholeheartedly, your honor. It's one of those things, like you said, it's just become general practice, but no, I agree with you and I agree with Judge Nalbalthien, hopefully I pronounced that correctly, sorry. But no, I agree with both of you. It's a contract. Did you breach the contract? Did you do what you were supposed to do? This court found Principal did not do what they were supposed to do. Their decision was arbitrary and capricious. And I know there was a dissent there, but Principal even filed a motion for re-hearing in Bonk that was denied. So it's all the law of the case now. Even if we go back to the district court, and I know this is in our briefing too, and the district court rules against us, then we're going to be right back up here and we're going to be saying, Moon says this court reviews it de novo, and based on what this court's already said, Principal did nothing different here. Because exactly what you said, it's just wasted time essentially. This court's mandate issued in December 12th of 2019 and now we're almost two years past that and we're no closer to getting any sort of relief for Ms. Card. All because of this remand procedure. But to answer your question another way, while it is an accepted practice too, there is some benefit because she hasn't lost yet. It's one of those, we always tell our clients there's three ways the case can go. You can either, the district court says, nope, Principal was correct, or at least their decision was reasonable. Two, their decision was not reasonable, we think you're entitled to benefits, or three, the remand procedure. And under the remand procedure, whether or not you've been in pay status before and whether or not you get to be put back in the position you were before, that's one of the other issues that come up. Unfortunately in this case, they deny Ms. Card's short term disability from the get go. They deny her long term disability out of the gate as well as her LCDD. So that issue never really came up. But she's still entitled to seek her attorney's fees under the McKay v. Reliance standard case, which is from this court. That answer your question, hopefully? So I think if we move into, because I think we have really established one thing here, and that's the fundamental issue is who has jurisdiction? Is it this court still, or is it back to the district? On that question, when the remand directive comes from our court, the vast majority of our cases have two remands, or a remand with instructions. They say remand to the district court with instructions for the district court to remand to the plan. Does it matter that that language was not in our earlier opinion, or would you interpret that language to be implied from what our opinion is doing when you read it in the context of the case law? I think it's more so implied from what the case law is in these cases. As soon as this court ruled and issued its mandate, it's divested of all jurisdiction. And then it goes back to the district court, who then is basically just overseeing, making sure whatever that mandate said happens. Here this court said, go back, principal, do your decision again. The district court didn't need to do anything because it was already remanded back to principal by this court. And the Fager v. Zgromick case from this court said district courts have duty, after they receive a mandate, once again obtain jurisdiction to obey the terms of the mandate and carry it into effect. And that's exactly what needed to happen here. When it went back, you argued to the district judge, Caldwell, that she had jurisdiction, right? We filed a motion for attorney's fees, and then nothing really happened. That was fully briefed while we were waiting for principal to make their decision or whatever they were going to do. They went ahead and paid her short-term disability benefits, conceding that she was disabled at least through that period of time, which would be the elimination period for the LCD benefits. And then we filed our motion to reopen and said, here, this is what's happened, here's all the law. My point is, you were arguing that she had jurisdiction to address both the ultimate merits of the long-term disability and the attorney fees. That's correct. So that's what you're still maintaining now. That's correct. The district court had jurisdiction, should have exercised it. That's correct. So why don't we just stop right there and remand it back to do what we all think, arguably, the district judge should have done? We would be fine with that, Your Honor. Do we need to really address all this other stuff? If you rule in our favor on that issue and reverse and instruct Judge Caldwell to go ahead and actually make a decision on these issues, both on the LTD and LCDD, or say that she had jurisdiction to consider the LTD and LCDD as well as their attorney's fees, then I agree with you, yes. Your brief goes into a lot of detail about, arguably, says we should just award your client benefits here without sending it back. Was that just your backstop argument, basically? I do see I'm out of time. If you all don't mind, I'll answer your question shortly. But to answer your question, the reason we went into that second pronged approach is kind of going back to what Judge Murphy was insinuating was, look how much time this remand has really caused us. Eventually, this case is going to be up on this court on de novo review anyways. Here's all the facts. It's within your authority, if you would like, to go ahead and consider it. Are you really pressing that argument, or is that only in case we don't send it back? That was only in case this court found that it had jurisdiction rather than the district court maintaining jurisdiction. All right, thank you. Thank you, counsel. Good morning, your honors. Good morning, opposing counsel. May it please the court. Edna Kirsting with Wilson-Elser for principle, the appellee in this case. We agree with counsel for Ms. Card that this case poses a very interesting and somewhat unique procedural posture. I frankly have never seen a case that quite ended up like this in front of- Are you opposing us remanding it back? No, not really. We were surprised about the order of the district court.  Aren't we kind of done? I think the only issue that we feel we should put on the record is that the timeliness that Ms. Card's counsel is hung up on is based on the notion that as soon as the Sixth Circuit said this case goes back to principle, principle's time to make a decision started running. Usually the procedural posture is- Is that an argument for us now, or would it be for Judge Caldwell? I mean, if we were to remand the case, you could tell Judge Caldwell that their main argument about timing doesn't work for whatever reason you're going to give. Yes, as long as we all agree it's not waived and it was put on the record, we certainly will assert that argument. Did you file an opposition to the motion to reopen? Yes, we- So it was fully- Didn't you actually say that the district court didn't have jurisdiction, so you're kind of switching positions now, aren't you? No, we never argued jurisdiction in the district court. It was never an issue because, frankly, nobody ever thought that the district court could believe that the mandate wasn't directed at the district court. Granted, the language is not in the mandate, I agree, and most usually when the Sixth Circuit remands, or any other circuit court for that matter, it remands to the district court for a remand to the claims administrator. That didn't happen in this case. The language of the decision, awkwardly, maybe, if I may say so, remanded it directly to the claims administrator, which is certainly what Judge Caldwell picked up on and decided to base her ruling on. On this timeliness question, doesn't it really come down to the question of whether we think we would benefit from the district judge analyzing it in the first place and then we would review her decision? Absolutely, and I do believe very firmly in the premise that the district court should get involved, meaning anything that wasn't raised down below and wasn't decided, wasn't reached, should not be discussed before the appellate court, which largely ends my argument. If there's really nothing else to discuss pertaining to the merits, I do not need to belabor the point. I do not need to address them. I can only say we were surprised about the ruling. Fair enough. Thank you, counsel. We appreciate it. Thank you. Any rebuttal? I think we're good, your honor. Thank you. Okay, I appreciate that, too. The case will be submitted.